## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

Reba Blackwell,

                Plaintiff,

v.

AIG Direct Insurance Services, Inc.,

                Defendant.

Case No.:

**COMPLAINT
WITH JURY TRIAL DEMAND**

## PRELIMINARY STATEMENT

This action for damages is based on Defendant's frequent and unauthorized calls to Plaintiff's cellular telephone to solicit, advertise, and/or to market products and services. Plaintiff seeks monetary relief based on Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 27 U.S.C. § 227, and the Georgia Fair Business Practices Act ("GFBPA"), O.C.G.A. § 10-1-393, *et seq.*

## PARTIES

1.    Plaintiff, Reba Blackwell, is a natural person who resides in DeKalb County, Georgia.

2.    Defendant, AIG Direct Insurance Services, Inc. (hereinafter "AIG"), does business in Georgia.

3.    At all relevant times hereto, Defendant acted through its agents, employees, officers, members, directors, and/or representatives.

## JURISDICTION AND VENUE

4.    This Court has federal question jurisdiction over Plaintiff's TCPA claim pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227(b)(3).  *See Mims v. Arrow Fin. Serv., LLC*, 132 S. Ct. 740, 753 (2012) (holding federal district courts have federal question jurisdiction over TCPA claims).  This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5.    This Court has personal jurisdiction over Defendant because Defendant frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

6.    Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.  Pursuant to LR 3.1B(3), NDGa, venue is proper in the Atlanta Division because the conduct complained of herein occurred in DeKalb County, which is in the Atlanta Division.

2

## **FACTUAL ALLEGATIONS**

7.      Plaintiff is the subscriber for the cellular telephone with the number (404) ***-1842 (the "Cell Phone").

8.      In or about March 2016, Plaintiff began receiving calls on her Cell Phone from AIG, informing Plaintiff about a cruise opportunity and opportunities to further her education.

9.      Defendant's calls to Plaintiff were made from phone number (858) 309-3000.

10.     Phone number (858) 309-3000 is a number that belongs to Defendant.

11.     Over the course of four days, Plaintiff received at least nine similar calls.

12.     When Plaintiff answered calls from Defendant, she heard pauses and/or clicks and a delay at the beginning of the calls.

13.     Upon information and belief, Defendant used an autodialer and or predictive dialing equipment to make its calls to Plaintiff.

14.     Plaintiff never provided consent for Defendant to call Plaintiff on her Cell Phone about taking a cruise or furthering her education.

15.     Plaintiff never provided consent for Defendant to call Plaintiff on her Cell Phone for any purpose.

16. To the extent Plaintiff provided consent for Defendant to call Plaintiff on her Cell Phone, Plaintiff explicitly revoked that consent on or about March 16, 2016.

17. Subsequent to Plaintiff's revocation of consent, Plaintiff did not provide additional consent for Defendant to call Plaintiff on her Cell Phone.

18. Subsequent to Plaintiff's revocation of consent, Defendant called Plaintiff on her Cell Phone at least four additional times, including but not limited to the following:  a second call on March 16, 2016; two calls on March 17, 2016; and, another call on March 18, 2016.

19. Defendant's calls to Plaintiff had no emergency purpose.

20. Rather, Defendant's calls were for the purposes of soliciting, advertising, and/or marketing products and services to Plaintiff.  Specifically, Defendant contacted Plaintiff about taking a cruise and furthering her education.

21. Plaintiff was unable to avoid or escape Defendant's repetitive calls.  Even attempts to "block" Defendant's calls still resulted in brief "rings" and other alerts to Plaintiff's Cell Phone.

22. Once Defendant knew that Plaintiff did not wish to be called, there was no purpose for placing any additional calls to Plaintiff's Cell Phone other than to annoy, abuse, or otherwise harass Plaintiff.

4

23.   Plaintiff carries her cell phone at most times to be accessible to her family, friends, and work-place.   Calls from Defendant have interrupted and interfered with Plaintiff's daily life, including activities of daily living, interactions with family and friends, and work activity.

24.   Defendant's campaign of harassing phone calls has caused Plaintiff actual damages, including, but not limited to, the consumption of "minutes" as contemplated in Plaintiff's cellular service plan that has the end result of Plaintiff paying for the calls initiated by Defendant (the "Cell Charges"), emotional distress—including frustration and aggravation—in managing the persistent calls, and expenses associated with seeking to enforce Defendant's compliance with the law.

## TRIAL BY JURY

25.   Plaintiff is entitled to and hereby requests a trial by jury.

## CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227

26.   Plaintiff incorporates by reference paragraphs 1 through 28 as though fully stated herein.

27. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by making repeated phone calls to Plaintiff's Cell Phone, without permission or emergency purpose, and using an autodialer and/or predictive dialing equipment.

28. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff is entitled to recover a minimum of $500.00 for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

29. Defendant knew that it did not have Plaintiff's consent to receive its calls at all. Its repeated calls were, therefore, knowing and/or willful violations of the TCPA.

30. Accordingly, pursuant to 47 U.S.C. § 227(b)(3)(C), Defendant's knowing and/or willful violations of the TCPA entitles Plaintiff to triple the amount of damages to which Plaintiff is otherwise entitled under 47 U.S.C. § 227(b)(3)(B).

**COUNT II**

**VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT
O.C.G.A. § 10-1-393(a)**

31. Plaintiff incorporates by reference paragraphs 1 through 28 as though fully stated herein.

32. O.C.G.A. § 10-1-393(a) broadly prohibits unfair business practices.

33.   It was unfair for Defendant to call Plaintiff's Cell Phone repeatedly, without Plaintiff's consent, for the purpose of marketing products and services to Plaintiff when Defendant had actual knowledge that Plaintiff did not want to be contacted by Defendant for any purpose, including but not limited to calls marketing products and services.

34.   It was unfair for Defendant to continue to contact Plaintiff after Plaintiff requested that Defendant stop contacting her.

35.   Defendant's actions have interfered with Plaintiff's daily life in a manner that she did not invite, disclaimed, and could not reasonably escape.

36.   As pled above, Plaintiff was harmed by Defendant's unfair conduct.

37.   Upon information and belief, Defendant regularly uses repeated, unauthorized calls to consumers in Defendant's efforts to solicit, advertise, and/or market products and services.

38.   Upon information and belief, repeated and unauthorized calls to consumers are Defendant's modus operandi for soliciting, advertising, and/or marketing goods and services, and Defendant makes such calls on a wide-ranging scale.

39.   Defendant's conduct amounts to an unfair business practice.

40.    Defendant's conduct has implications for the consuming public in general and potential negative impact on the consumer marketplace.

41.    Defendant does not maintain a place of business in Georgia and has no assets in Georgia thus relieving the Plaintiff of the Notice and Demand requirement of O.C.G.A. § 10-1-399(b).

42.    As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

43.    As a result of Defendant's willful and wanton violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

44.    Defendant's actions were intentional, rendering it liable for treble damages pursuant to O.C.G.A. § 10-1-399(c).

45.    Plaintiff is entitled to recover reasonable attorneys' fees and expenses pursuant to O.C.G.A. § 10-1-399(d).

46.    Furthermore, because Defendant has acted in bad faith, been stubbornly litigious, and/or caused Plaintiff unnecessary trouble and expense, Plaintiff is also entitled to an award of reasonable attorneys' fees and expenses pursuant to O.C.G.A. § 13-6-11.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for:

a.) Damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B) & (C);

b.) General, exemplary, and treble damages pursuant to O.C.G.A. §§ 10-1-399(a) & (c);

c.) Actual damages;

d.) Reasonable attorneys' fees and costs pursuant to O.C.G.A. §§ 10-1-399(d) and/or 13-6-11; and,

e.) Such other and further relief as may be just and proper.

Respectfully submitted, this 20th day of April, 2016.

/s/ Paul J. Sieg
Paul J. Sieg, Bar No.: 334182
Matthew T. Berry, Bar No.: 055663
Berry & Associates
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3305
Fax (404) 235-3333
psieg@mattberry.com
matt@mattberry.com
*Plaintiff's Attorneys*